MATTHEW J. ADLER (SBN 273147)
matthew.adler@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone:    +1 415 591 7500
Facsimile:    +1 415 591 7510

JESSE LINEBAUGH (*pro hac vice* to be sought)
jesse.linebaugh@faegredrinker.com
RACHEL A. YAGGI (*pro hac vice* to be sought)
rachel.yaggi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone:    +1 515 248 9000
Facsimile:    +1 515 248 9010

Attorneys for Defendant
ACCORDIA LIFE AND ANNUITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA CHAMORRO and the ESTATE OF ILDEFONSO CHAMORRO,<br><br>Plaintiffs,<br><br>v.<br><br>ACCORDIA LIFE AND ANNUITY COMPANY,<br><br>Defendant. | Case No. 3:23-cv-02864<br><br>[Alameda County Superior Court Case No. 22CV013667]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT ACCORDIA LIFE AND ANNUITY COMPANY** |

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL
CASE NO. 3:23-CV-02864

**NOTICE TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendant Accordia Life and Annuity Company ("Accordia" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Superior Court of California, Alameda County (the "Superior Court"), to the United States District Court for the Northern District of California. In support thereof, Accordia avers as follows.

**I.**

**JURISDICTIONAL STATEMENT**

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and Accordia may remove this action pursuant to 28 U.S.C. § 1441, because (i) this is a civil action between citizens of different states; and (ii) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**A.   Complete Diversity**

2. Accordia is a citizen of Iowa because it was organized under the laws of Iowa and its principal place of business is located in Des Moines, Iowa. *See, e.g.*, Ex. A, First Amended Complaint ("FAC") ¶ 12 ("[Accordia] is an Iowa Corporation with its principal place of business in Des Moines, Iowa."). *See also Hertz Corp. v. Friend, Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which will "typically be found at a corporation's headquarters.").

3. Plaintiffs Barbara Chamorro and the Estate of Ildefonso Chamorro ("Plaintiffs") are citizens of California. FAC ¶¶ 10, 11.

4. The FAC names two other defendants, Fred Stephenson and Dunhill Marketing and Insurance Services, and each are citizens of California. FAC ¶¶ 13, 14.

5. However, these two defendants were voluntarily dismissed by Plaintiffs, and the dismissals were entered by the Superior Court. *See* Ex. B, Superior Court Docket (showing Apr. 24, 2023 Entry of Dismissal (Fred Stephenson) and May 18, 2023 Entry of Dismissal (Dunhill

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF REMOVAL
CASE NO. 3:23-CV-02864

Marketing and Insurance Services)).

6. Removal is proper where, as here, a non-diverse defendant is voluntarily dismissed. *Palmer v. Pneumo Abex, LLC*, No. C-10-0712 MMC, 2010 WL 1029480, at *3 (N.D. Cal. Mar. 18, 2010) (citing *Self v. General Motors Corp.*, 588 F.2d 655, 657, 659 (9th Cir. 1978)) ("[A] complaint brought against diverse and non-diverse defendants becomes removable 'by the voluntary dismissal or nonsuit by [the plaintiff] of [the non-diverse defendant].'").

7. Accordingly, there is complete diversity because Plaintiffs and Accordia, the only parties remaining in the action, are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

**B.      Amount in Controversy**

8. The FAC asserts four claims against Accordia: (1) negligence; (2) breach of fiduciary duty; (3) breach of the covenant of good faith and fair dealing; and (4) financial elder abuse. *See* FAC ¶¶ 63-121.

9. However, only the claims for breach of the covenant of good faith and fair dealing and financial elder abuse remain. *See* Ex. C, Feb. 23, 2023 Order sustaining Accordia's Demurrer to FAC (without leave to amend as to Plaintiffs' claims for negligence and breach of fiduciary duty).

10. Plaintiffs claim they "sustained damages in excess of $500,000.00." FAC ¶¶ 73, 78, 97, 113.

11. Plaintiffs also request various additional relief in the FAC, including general or consequential damages, special damages, punitive damages, and interest. FAC, Prayer for Relief.

12. Plaintiffs' request for punitive damages was stricken by the Superior Court. *See* Ex. C, Feb. 23, 2023 Order granting Accordia's Motion to Strike as to Plaintiffs' request for punitive damages.

13. Further, Plaintiffs' requested relief includes an award of attorneys' fees and costs. FAC, Prayer for Relief ¶ e.[1]

---

[1] Awards of attorneys' fees are included in the amount in controversy if authorized by statute. *See, e.g.*, *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF REMOVAL
CASE NO. 3:23-CV-02864

14. Accordingly, although Accordia denies that it has any liability to Plaintiffs or anyone else, the amount that has been placed "in controversy" by the FAC—i.e., the aggregate value of all damages, penalties, and fees sought—exceeds the $75,000 threshold. *See* 28 U.S.C. § 1332(a).

15. Because there is complete diversity and over $75,000 in controversy, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, and it is removable pursuant to 28 U.S.C. § 1441(a).

## II.

## PROCEDURAL STATEMENT

### A.   Timeliness

16. Pursuant to 28 U.S.C. § 1446(b)(3) and Federal Rule of Civil Procedure 6, this Notice of Removal has been timely filed within thirty (30) days of the date the case became removable, i.e., after the dismissal of the last non-diverse defendant. Plaintiffs voluntarily dismissed the remaining non-diverse defendant, Dunhill Marketing and Insurance Services, on May 18, 2023.

17. Removal is timely under 28 U.S.C. § 1446(c)(1) because less than one year has passed since the filing of the Complaint on June 30, 2022.

### B.   Defendant

18. Removal is proper under 28 U.S.C. § 1441(b)(2) because Accordia is not a citizen of California.

### C.   Consent

19. Consent is not necessary because there is only one remaining Defendant.

### D.   Venue and Intradistrict Assignment

20. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because this District embraces the Superior Court of California, Alameda County, where this action was commenced and is pending. *See* 28 U.S.C. § 84(a).

21. Pursuant to Civil Local Rule 3-2(d), this action may be assigned to either the San

Francisco or Oakland Division of this Court.

### E.  Attachments

22.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiffs' initial Complaint, First Amended Complaint, and all other process, pleadings, and orders that Plaintiffs purportedly served on Accordia in this action as of the date of this Notice of Removal are attached hereto collectively as Exhibit A.

### F.  Evidence

23.  Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of the jurisdictional facts and it is not necessary to attach evidence establishing those allegations.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

### G.  Notices

24.  Pursuant to 28 U.S.C. § 1446(d), Accordia will promptly file a copy of this Notice of Removal in the Superior Court and give written notice of the removal of this action to counsel for Plaintiffs.

### H.  Defenses

25.  By removing this action to this Court, Accordia does not concede that it has any liability.  *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold").  Rather, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases); *see also, e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (finding that defendant need not "research, state, and prove the plaintiff's claims" in order to remove action) (quotations omitted).

26.  By removing this action, Accordia does not waive any defenses, objections or motions available to it under state or federal law.  Accordia expressly reserves the right to move for judgment in favor of Accordia pursuant to Rule 56 of the Federal Rules of Civil Procedure.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF REMOVAL
CASE NO. 3:23-CV-02864

27. **WHEREFORE**, Accordia respectfully removes this action from the Superior Court of California, Alameda County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  June 9, 2023

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Matthew J. Adler*
 Matthew J. Adler
 Jesse Linebaugh (*pro hac vice* to be sought)
 Rachel Yaggi (*pro hac vice* to be sought)

Attorneys for Defendant
ACCORDIA LIFE AND ANNUITY COMPANY

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NOTICE OF REMOVAL
CASE NO. 3:23-CV-02864